UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Seth Culler, Dennis Haile, Rucha McCall, ) C/A No. 3:02-2803-17
Bruce Tandy, Disability Action Center, and )
other similarly situated individuals, )
  )
              Plaintiffs, )
  )
v. )
  )
South Carolina Electric & Gas Co., SCANA Corp., )
Laidlaw Transit Services Inc., Beverly Edwards, in )
her official capacity as Vice-President of Laidlaw )
Transit Services, Inc, City of Columbia, Robert )
D. Coble, in his official capacity as Mayor of ) **ORDER ON SCE&G'S**
Columbia, Central Midlands Council of ) **MOTION TO RECONSIDER**
Government, Norman Whitaker, in his official )
capacity as Executive Director of Central )
Midlands Council of Government, Central )
Midlands Regional Transit Authority, Lowell )
"Butch" Spires, in his official capacity as )
Chairman of the Board of Central Midlands )
Regional Transit Authority, Connex TCT, LLC, )
and Tom Hartley, )
  )
             Defendants. )
_____)

On April 27, 2004, this court issued an order denying defendant South Carolina Electric & Gas Company's ("SCE&G's") motion to dismiss the crossclaim filed by the Central Midlands Council of Government ("CMCOG"). On May 6, 2004, SCE&G filed a Motion to Reconsider asking the court to clarify or modify its order of April 27, 2004. With this motion, SCE&G does not seek to have the

1

court reconsider its denial of SCE&G's motion to dismiss CMCOG's crossclaim, but merely asks that the court clarify the record[1] in three respects.

First, SCE&G points out that the language of the 1994 addendum to the 1992 contract between CMCOG and SCE&G, and the language of the 1999 contract between CMCOG and SCE&G is not identical. A review of the briefs and attachments submitted in connection with SCE&G's motion to dismiss the crossclaim supports this conclusion. It appears that the phrase "provisions for fixed route paratransit services" in the 1994 addendum was replaced in the 1999 contract with the phrase "affecting private providers of fixed route transit service." The April 27, 2004 order is hereby modified to note this change.

Next, SCE&G argues that the court's statement that "[a]ll of the agreements [between SCE&G and CMCOG] clearly reference 49 C.F.R. § 37, the regulation that contains the 'stand in the shoes' provision," is incorrect inasmuch as the agreements actually reference 49 C.F.R. Part 37, which contains sections pertaining to private and public entities. The court agrees with SCE&G that the agreements reference Part 37 but notes that Part 37 contains 49 C.F.R. § 37.23, the so-called "stand in the shoes" provision. The April 27, 2004 order is modified accordingly.

Finally, SCE&G takes issue with the court's statement that "before October 15, 2002, CMCOG (a public entity) contracted with SCE&G (a private entity) to provide fixed-route service . . . ." SCE&G argues that this sentence is incorrect inasmuch as CMCOG was never responsible for running a fixed-route system and was responsible only for the paratransit system. This court expresses

---

[1] The court notes at the outset that its order of April 27, 2004, was an interlocutory order and, as such, does not constitute the law of the case. *See Plotkin v. Lehman*, No. 98-1638, 1999 WL 259669, at **1 (4th Cir. April 30, 1999) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsiderations, and do not constitute the law of the case.") (quoting *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994)).

no opinion as to whether CMCOG was responsible for running or ran a fixed route system and to the extent this courts order of April 27, 2004 implies otherwise, the order is accordingly modified.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

Columbia, South Carolina
June 2, 2004

O 72A
(ev.8/82)