IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Seth Culler; Dennis Haile; Rucha McCall; Bruce Tandy; Disability Action Center; and other similarly situated individuals,<br><br>            Plaintiffs,<br><br>v.<br><br>South Carolina Electric & Gas Company; Laidlaw Transit Services, Inc.; Connex TCT, LLC; Central Midlands Council of Governments; and Central Midlands Regional Transit Authority,<br><br>           Defendants. | C/A No.: 3:02-2803-JFA<br><br><br><br>**ORDER APPROVING<br>CLASS ACTION SETTLEMENT** |

Pursuant to Rules 23(e) and 54(d)(2) of the Federal Rules of Civil Procedure, this matter comes before the court for approval of the settlement and agreement for attorneys fees and costs reached by and among Seth Culler, Dennis Haile, Rucha McCall, Bruce Tandy, and the Disability Action Center, on behalf of themselves and other similarly situated individuals (collectively "plaintiffs"), and Connex TCT, LLC ("Connex") and Central Midlands Regional Transit Authority ("CMRTA")(Connex and CMRTA are collectively "defendants").

The above-captioned action was commenced on or about August 22, 2002, and the Amended Complaint (the "Complaint") was filed on February 3, 2004.

The Complaint presents claims pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12133; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §

794a; the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10, *et seq*. (Law Co-op. 1985) (Cumm. Supp. 2002); and the South Carolina Bill of Rights for Handicapped Persons, S.C. Code Ann. §§ 43-33-510, *et seq.* (Law Co-op. 1985) (Cumm. Supp. 2002). The plaintiffs sought injunctive and declaratory relief and compensatory damages for the defendants' alleged inadequate provision of paratransit services to individuals with disabilities.

By order of the court dated September 30, 2003, the case was certified as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) for injunctive relief ("Class") consisting of:

> all persons eligible for paratransit service under the American with Disabilities Act pursuant to 49 C.F.R. § 37.123 who are or will be DART paratransit passengers within the Columbia, South Carolina service area.

By consent motion filed February 9, 2005, the parties advised the court of their desire to settle this action pursuant to the terms of the Settlement Agreement, a copy of which is attached as Exhibit A to this order and incorporated herein by reference. The Settlement Agreement provides for the settlement of the instant action on behalf of the named plaintiffs and all members of the Class with the defendants, subject to the approval by this court of its terms.

In accordance with the Order Preliminarily Approving Settlement Agreement ("Preliminary Approval Order") entered on February 11, 2005, counsel caused a Notice of Settlement Agreement to be published in *The State* and through posting of the notice on each DART van and/or bus being used in the Columbia area and on the website for CMRTA.

The Notice constituted the best and most practicable notice under the circumstances, and advised members of the Class, among other things, of the opportunity to object to the settlement. The parties represented at the hearing on May 12, 2005 that this court's Preliminary Approval Order

has been complied with and that the best notice practicable under the circumstances was in fact given. This Notice constituted valid, due, and sufficient notice to members of the Class, complying fully with due process and Fed. R. Civ. P. 23.

Pursuant to the Notice, a hearing was held before this court on May 12, 2005 to consider whether the settlement set forth in the Settlement Agreement should be approved as fair, reasonable, and adequate, and to award attorneys' fees to plaintiffs' counsel. The court read and considered all submissions in connection with the proposed settlement, and reviewed and considered the files and records herein. At the hearing, all interested persons were given an opportunity to be heard. No written objections to the Settlement Agreement having been filed, the court finds that approval of the Settlement Agreement will result in substantial savings of time and money to the court and the litigants and will further the interests of justice. The Settlement Agreement is the product of good faith, arm's-length negotiations by the signatories thereto.

NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The definitions set forth in the Settlement Agreement are incorporated herein.

2. The court has jurisdiction over the subject matter of this action and all parties in this action, including Class members.

3. The Settlement Agreement is fair, reasonable, and adequate as to the Class, and is finally approved in all respects.

4. All class members are bound by the settlement, including the waivers, releases, and covenants provided therein.

5. This court hereby decrees that neither the Settlement Agreement nor the fact of the settlement is an admission or concession by the defendants of any liability or wrongdoing whatsoever. This order is not a finding of the validity or invalidity of any claims in the action or of any wrongdoing by the defendants.

6. This court hereby dismisses with prejudice the claims asserted by plaintiffs against Connex and CMRTA in this action.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

May 13, 2005
Columbia, South Carolina